IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICA'S MORTGAGE BANC, INC., a foreign corporation, <br><br> Plaintiff, <br><br> v. <br><br> XEZ, Inc., MIDWEST HOME FUNDING, LLC., BRIAN URBANOWSKI, MARK BROSIUS, ALLIANCE TITLE CORPORATION, JOHN H. SULLIVAN, UNIDENTIFIED CORPORATIONS A-Z, JOHN DOES 1-100, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 06 c 4670 <br> ) <br> ) Wayne R. Andersen <br> ) District Judge <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Plaintiff America's Mortgage Banc, Inc. to remand this case to the Circuit Court of DuPage County, Illinois pursuant to 28 U.S.C. §§1441 and 1447(C). For the following reasons, the motion to remand is granted.

### BACKGROUND

Plaintiff filed this action in the Circuit Court of DuPage County, Illinois on July 18, 2006. Named as defendants in this action are XEZ, Inc. ("XEZ"), Midwest Home Funding, L.L.C. ("Midwest"), Alliance Title Corporation ("Alliance"), Brian Urbanowski, Mark Brosius, John H. Sullivan, Corporations A-Z, and John Does 1-100.

Plaintiff's Complaint arises out of the Defendants' alleged wrongful conduct in connection with the origination of a mortgage loan to a residential borrower. Plaintiff's Complaint sets out eight counts for relief: fraudulent misrepresentation (all defendants); conspiracy (all defendants); a civil claim under the federal Racketeer Influenced and Corrupt

Organizations Act ("RICO") (all defendants): breach of contract (Midwest); breach of fiduciary duty (Sullivan, Corporations A-Z, and John Does 1-100); negligence per se (Sullivan, Corporations A-Z, and John Does 1-100); negligent misrepresentation (all defendants); and negligence (all defendants).

With the exception of the RICO claim, all the claims in Plaintiff's Complaint are derived from the common law of the State of Illinois. All of the claims, including the RICO claim, appear to arise out of the same alleged facts, occurrences, and transactions.

Midwest was served with process on July 31, 2006. Alliance was served on August 7, 2006. XEZ was served via its registered agent, Urbanowski, who thereby received notice of the claims against him, on August 10, 2006.

On August 29, 2006, XEZ and Urbanowski (collectively, "Removing Defendants") filed a Notice of Removal of the action to this Court and, on August 30, 2006, Removing Defendants gave notice to the Circuit Court of its removal. The Notice of Removal is predicated solely upon 28 U.S.C. § 1331, as the Removing Defendants allege that the RICO claim provides a basis for this Court to exercise federal question jurisdiction. Midwest's consent to removal of the action was attached to the Notice of Removal.

At the time Removing Defendants filed the Notice of Removal, four Defendants had been served with process–XEZ, Urbanowski, Midwest and Alliance. Three of the four consented in writing to removal of this action to this Court. However, Alliance, despite having been served on August 7, did not provide XEZ and Urbanowski with its consent to removal of this action.

On September 6, Alliance entered an appearance before this Court and filed a Motion for Extension of Time to Answer Plaintiff's Complaint (the "Motion for Extension"). In its Motion for Extension, Alliance admitted that it was served on August 7 and that it received notice of the

removal of this action on August 30. However, despite having been served with process, Alliance did not provide its consent to Removing Defendants' removal of this action within 30 days.

## DISCUSSION

A federal court's jurisdiction under the removal statutes constitutes an infringement upon state sovereignty. *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100 (1941). "Consequently, the statutory provisions regulating removal must be strictly applied. A federal court should not extend its jurisdiction beyond the boundaries drawn by those provisions." *Fellhauer v. City of Geneva*, 673 F. Supp. 1445 (N.D. Ill.1987), quoting *Mason v. IBM*, 543 F. Supp. 444, 445 (M.D.N.C. 1982). Thus, federal jurisdiction over cases removed from state court should be rejected where the propriety of removal is doubtful. *Fellerhauer*, 673 F. Supp. at 1447; *Mason*, 543 F.Supp. at 446 n.3. The party petitioning for removal bears the burden of establishing compliance with the removal statute's requirements. *Fellerhauer*, 673 F. Supp. at 1447.

In order for an action to be properly removed from state court to federal court, all served defendants must consent to it "within thirty days after the receipt by the defendant . . . of the copy of the initial pleading" containing the removable claim. Sec. 1446(b). *Northern Illinois Gas v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir.1982); *Hardesty*, 608 F.Supp. at 993. A notice of removal is facially defective if it is not joined by all served defendants, or if it fails to explain why all defendants have not consented to removal. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993); *Bolden v. Summers*, 181 F. Supp. 2d 951, 953 (N.D. Ill. 2002). Each served defendant must communicate his consent to the court within the thirty-day period. *See, e.g., Clyde v. National Data Corp.*, 609 F.Supp. 216, 218 (N.D.Ga.1985); *Knowles v. Hertz Equipment Rental Co.*, 657 F.Supp. 109, 110 (S.D.Fla.1987). Accordingly, if all served

defendants do not consent to removal within the thirty-day period, "the district court shall remand the case." Sec. 1447(c). *See also Adams*, 657 F.Supp. at 521; *Fields v. Reichenberg*, 643 F.Supp. 777, 778 (N.D.Ill.1986).

In this case, it is clear that Alliance did not appropriately consent to removal within the requisite thirty-day period. This Court has previously held that the deadline for removal of an action is thirty days from service of the **first-served** defendant. *See Thomas v. Klinkhamer*, 2000 WL 967984, *2 (N.D. Ill. 2000); *Hardesty v. General Foods Corp.*, 608 F. Supp. 992, 993 (N.D. Ill. 1985). Midwest, the first-served defendant, was served in this action on July 31, 2006 and, therefore, August 30, 2006 was the deadline for all served defendants to join in and consent to removal. Alliance received service of process on August 7, 2006, and never did not join in the removal petition prior to August 30. Thus, all served defendants have not provided their consent to removal of this action within thirty days of service, and this action is not properly removed.

Defendants argue that because Alliance filed its general appearance in this Court on September 6, 2006 and later filed a motion to dismiss, it has consented to the jurisdiction of this Court and, therefore, the defect in the Notice of Removal is corrected. We disagree. First, an appearance filed on September 6, 2006 is still beyond August 30, the thirty-day limit for joining in the removal. Second, this argument has been rejected in *Klinkhamer*, where this Court held that an entry of appearance does not constitute consent to removal. *Klinkhamer*, 2000 WL 967984 at *3.

Accordingly, we find that this action has not been properly removed pursuant to 28 U.S.C. § 1446(b) and must be remanded to the DuPage County Circuit Court.

## CONCLUSION

For the foregoing reasons, we grant the motion of Plaintiff America's Mortgage Banc,

4

Inc. to remand this case to the DuPage County Circuit Court.(#21). This is a final order and all other pending motions are deemed moot by this order.

It is so ordered.

                                               Wayne R. Andersen
                                               United States District Court

Dated: December 18, 2006